UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DENNIS PARNELL,
    Plaintiff,

vs.                                Case No.: 5:22cv94/TKW/ZCB

SOCIAL SECURITY ADMINISTRATION,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, commenced this action by filing a letter claiming the Social Security Administration (SSA) was "taking away all of [his] money on a monthly basis" and asked that he "be granted Forma Pauperis status." (Docs. 1, 2). The Court construed Plaintiff's filing as a complaint for judicial review of an adverse administrative decision by the SSA and a motion to proceed *in forma pauperis* (IFP). (Doc. 3 at 1).

The Court ordered Plaintiff to file his complaint on the Court-approved form for use by *pro se* litigants seeking review of adverse SSA decisions. (Doc. 3). Additionally, the Court denied Plaintiff's construed motion to proceed IFP without prejudice and ordered Plaintiff to either pay the $402.00 filing fee or submit a fully and properly completed IFP motion on the Court-approved form. (*Id.*). Plaintiff was notified that failure to comply with the order as instructed would result in a recommendation of dismissal of his case. (*Id.* at 2).

1

Plaintiff responded to the order by submitting a letter to the Court. (Doc. 5). The Court deemed Plaintiff's filing deficient but allowed it to remain on the electronic docket. (Doc. 6). It warned Plaintiff that future deficient correspondence would be returned unfiled. (*Id.* at 3). Additionally, the Court gave Plaintiff twenty-one days to (1) file a notice of voluntary dismissal; (2) submit payment in the amount of $402.00 and file an amended complaint on the Court-approved form; or (3) file a complete application for leave to proceed IFP and amended complaint on the Court-approved form. (*Id.*). Plaintiff was once again warned that failure to comply with the order as instructed would result in a recommendation of dismissal of his case. (*Id.*).

Plaintiff failed to resolve the filing fee issue or file an amended complaint by the deadline. Therefore, on July 18, 2022, the Court ordered Plaintiff to show cause, within thirty days, why the case should not be dismissed for failure to comply with an order of the Court. (Doc. 7). The Court notified Plaintiff—for a third time—that failure to comply with the Court's order would result in a recommendation of dismissal of the case. (*Id.*).

The deadline for compliance with the show cause order has passed, and Plaintiff has not paid the filing fee, filed an IFP motion, filed a complaint on the Court-approved form, or shown sufficient cause excusing his failure to comply with

2

orders of the Court.[1]  Dismissal is, therefore, warranted.  *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal when "a party fails to comply with an applicable rule or court order"); *see also Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) (affirming dismissal where the plaintiff failed to pay the filing fee as ordered by the court and failed to respond to an order to show cause as to why the filing fee had not been paid); *Castro v. Director, F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011) (determining it was not an abuse of discretion to dismiss plaintiff's complaint without prejudice under the court's Local Rule requiring payment of a filing fee or motion to proceed IFP); *Rodriguez v. Lawson*, 848 F. App'x 412 (11th Cir. 2021) (affirming dismissal without prejudice for failure to comply with orders of the court).

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with orders of the Court.  *See* N.D. Fla. Loc. R. 41.1.

At Pensacola, Florida, this 6th day of October 2022.

---

[1] After the show cause order was issued, Plaintiff submitted a letter to the Clerk of Court. (Doc. 8).  The letter was returned as deficient. (*Id.*).  Nevertheless, the Court has reviewed Plaintiff's letter to determine if the letter shows sufficient cause as to why Plaintiff's case should not be dismissed for failure to comply with orders of the Court.  It does not. Rather, Plaintiff's letter could be construed as notice of voluntary dismissal.  His letter indicates that, after initiating this suit, Plaintiff received notice that he was scheduled for a hearing before an Administrative Law Judge as part of his SSA appeal challenging his decrease in benefits.  (Doc. 8-1 at 4-8).  In his letter to the Clerk of Court, Plaintiff acknowledges he filed his complaint prematurely and indicates that he will not be complying with the Court's orders because of his scheduled phone call with the SSA.  (*Id.* at 3).  Plaintiff also states "I would hope the Court would allow this situation to finalize without prejudice." (*Id.*).

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**